JOHN T. JACKSON et al., Appellants, v. KANSAS CITY BOLT AND NUT COMPANY.

Division One, December 23, 1911.

1. **PLEADING: No Defense in Answer: No Demurrer or Exceptions.** Where the answer contained a general denial and special defenses, and there was no motion to strike out the special matter pleaded, nor a demurrer to such special matter, and the case does not involve a counter-claim, setoff or recoupment, an assignment by plaintiffs on appeal that the special matter pleaded in the answer "does not state facts sufficient to constitute a defense to plaintiffs' action," will not be considered, since it is an assignment of error not challenged below.

2. **APPEAL: Abstract: No Exceptions.** The mingling and running together of matter of exception and matter of record in the abstract, without earmark, caption, head note or suggestion of where the one or the other begins or leaves off, is not such an abstract as can be approved; and where the only exception to the overruling of the motion for a new trial is found in the record proper, the evidence and instructions cannot be considered.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*L. T. Collier* for appellants.

*Lathrop, Morrow, Fox & Moore* for respondent.

The abstract of the record does not comply with the rules of this court in that it does not set out separately the bill of exceptions and the record proper. The two are so mixed together and confused that no one can tell where the bill of exceptions begins and the record proper ends. In fact, neither begins nor ends at any particular place, but they are both mixed together. Stark v. Zehnder, 204 Mo. 449; Thompson v. Ruddick, 213 Mo. 564.

LAMM, J.—Arthur Jackson (unmarried) and Grover Hammond were minors in defendant's employ on March 27, 1907. On that day in defendant's shop at Sheffield, Grover in anger smote Arthur above the ear with an iron bolt, wherefrom Arthur languished and presently died.

Plaintiffs, parents of Arthur, sue defendant in three counts, each praying judgment for $10,000 and sounding in tort.

The gravamen of the first is defendant's wrongful and negligent employment of Grover to work with Arthur (said Grover being a person of weak and un-

sound mind, incompetent, dangerous and apt to do bodily harm to others), he, Grover, being negligently retained in defendant's employ, for that it knew him to be incompetent, unsafe and dangerous and apt to do bodily harm to others, etc.

The third is like unto the first with variation of allegation immaterial here.

The court took the first and third counts from the jury by instructions in the nature of demurrers at the close of plaintiffs' case; but at the same time refused to take the second count from the jury.

Attending to the second count, it charges, in substance, that Arthur was employed by defendant at the same time it employed Grover, that the latter was of a weak and unsound mind, incapable of judging between right and wrong, and that defendant was well aware of such mental unsoundness and incapacity at the time. That on or about March 27, 1907, defendant, through its superintendents and foremen, having authority over both youths, negligently ordered and directed Grover to "hit and knock down any of the employees of defendant" molesting him in the performance of his duties as servant of defendant, or any one who should interfere with the performance of such duties. Thereupon, on the direction of such agents, then and there engaged in the prosecution of the business of defendant, Grover slipped behind Arthur while the latter was in the line of his duty as defendant's servant, and dealt him a mortal wound on the head with an iron bolt.

Defendant answered by a general denial and other defenses immaterial to a determination of this appeal.

Plaintiffs' reply denied the new matter in the answer.

On issues so framed by that answer on the second count, the jury found for defendant and plaintiffs come up by appeal, assigning error (1) in the giving

of instructions, (2) in overruling the motion for new trial and (3) in excluding competent proof.

There is another assignment of error to the effect that, saving the general denial, defendant's answer "does not state facts sufficient to constitute a defense to plaintiffs' action."

I. Referring to the last assignment, we rule as follows:

There was no motion, *nisi*, to strike out the special matter pleaded in the answer, nor did plaintiffs demur to such special matter. Present a general denial in the answer, absent a motion to strike out or a demurrer, we think it is clear in a case that does not involve a counter-claim, setoff or recoupment, as here, that we have nothing to do with defendant's answer *as a pleading.*

If, coupled with a general denial, an improper defense is specially set up in an answer and plaintiffs (as here) plead over and (following defendant afield) raise an issue by their reply on such alleged improper allegations of the answer, they have another string to their bow, they may still object to evidence supporting the improper defense, or to instructions grounded on that defense, and may save their exceptions to adverse rulings and bring the matter here for a review of the error in admitting the evidence or in giving the instructions.

But the assignment of error we are dealing with asks us to rule on the sufficiency of the answer, barring the general denial, without a challenge below. In the view we take of it we ought not to respond to plaintiffs' request, for we are forbidden by statute to pass on exceptions not ruled below. Moreover, it would be a vain and useless thing for us to pass upon the sufficiency of the special defense pleaded, when defendant, under its general denial, put plaintiffs to full proof of their case in chief, and when there was left

to plaintiff (if timely used) an adequate remedy for any error based on the admission of evidence relating to an improper defense or in giving instructions anent that defense.

The point is ruled against plaintiffs.

II.   The assignment of error just disposed of strikes at the record proper.  But errors, if any, in giving instructions, overruling the motion for new trial or excluding competent proof are mere matter of exception, and can only be preserved and presented here in a bill, and they can become effective only when covered by the motion for a new trial and by an exception saved in a bill to overruling such motion.  So runs the law .

On this head apply the maxims: What does not appear where it should appear is the same as if it did not appear at all.  What does not appear is the same as if it does not exist.  The reasoning with respect to things which do not appear and things which do not exist must be the same.  In this case plaintiffs have chosen a method of abstracting their record steadily comdemned.   They have ·mingled and run together matter of exception and matter of record, without earmark, caption, head notes or any suggestion of where the one or the other begins or leaves off.  Against this unhappy plan nothing can now be judicially said which has not been said before.  [If we may pause to moralize a bit, we observe as follows: The road to error is easy.  Happy is he who can learn prudence from the danger and misfortune of others.]   That plan puts us to picking and choosing, sorting out, guessing and assigning a place and office to matter abstracted, without any record guide to a correct result.  It is said in the abstract that a bill of exceptions was settled and filed, but neither by direction or indirection, sign or suggestion does it point out what such bill contains or what it does not contain, nor can

we make out. The only place in the abstract where an exception appears to overruling the motion for new trial is the following:

. "Thereafter, at said January term, 1908, of said court and on the 21st day of March, 1908, the following entry of record was made in said cause:

" 'John T. Jackson and Mary E. Jackson v. Kansas City Bolt & Nut Company, a Corporation. 34088.

" 'Now at this day, plaintiffs' motion for a new trial is by the court overruled, to which ruling of the court plaintiffs excepted and it is ordered by the court that plaintiffs are given until on or before the 1st day of July, 1908, to file herein their bill of exceptions.' "

Wherefrom it appears that such exception was saved of record in the order overruling the motion (precisely where it could *not* be saved) and not in the bill of exceptions itself where it alone could be saved. Just so long as the office of a bill of exceptions is to gather and contain the exceptions, just so long in reason must the *abstract* of the bill of exceptions *show* that the bill of exceptions contains the exceptions. We have always so written the law. It results that the abstract in hand is fatally defective. *Vide,* Kalokas v. Railroad, 223 Mo. l. c. 460, *et seq.,* where some of the cases are reviewed.

As there is no error in the record proper, and as there is no bill of exception here, which we may surely know preserves the exceptions relied on to reverse the case, the judgment is affirmed. All concur.